U.S. Department of Justice

United States Attorney
District of New Jersey

---

LR/USAO#2006R00529　　　　　　　　970 Broad Street, Suite 700　　　　　　973/645-2700
　　　　　　　　　　　　　　　　　　Newark, NJ 07102

January 10, 2007

Eric R. Breslin, Esq.
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889

　　　　Re:　Plea Agreement with ATILLA KAN

Dear Mr. Breslin:

　　　This letter sets forth the plea agreement between your client, ATILLA KAN, and the United States Attorney for the District of New Jersey ("this Office").

Charge

　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from ATILLA KAN to a one-count Information, to be filed against him, which charges him with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349.  If ATILLA KAN enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ATILLA KAN for the transmission, via email, of invoices for payment to the Department of Defense ("DoD") in connection with the supplying of non-conforming and/or substandard parts by New York Machinery in relation to its contracts with the DoD from on or about September 12, 2001 through in or about March 2005.  However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ATILLA KAN may be commenced against him, notwithstanding the expiration of the limitations period after ATILLA KAN signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which ATILLA KAN agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ATILLA KAN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ATILLA KAN ultimately will receive.

Further, in addition to imposing any other penalty on ATILLA KAN, the sentencing judge: (1) will order ATILLA KAN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order ATILLA KAN to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order ATILLA KAN, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require ATILLA KAN to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ATILLA KAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ATILLA KAN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ATILLA KAN by the sentencing judge, to correct any misstatements relating to the

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ATILLA KAN's activities and relevant conduct with respect to this case.

Stipulations

This Office and ATILLA KAN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or ATILLA KAN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ATILLA KAN waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office

will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ATILLA KAN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against ATILLA KAN.

No Other Promises

This agreement constitutes the plea agreement between ATILLA KAN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: LISA ROSE
Assistant U.S. Attorney

APPROVED:

MARC LARKINS
Chief, Government Fraud Unit

   I have received this letter from my attorney, Eric R. Breslin, Esq. I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:


_____  Date: 01/22/2007
ATILLA KAN


_____  Date: 1/22/07
ERIC R. BRESLIN, ESQ.

Plea Agreement With ATILLA KAN

Schedule A

1.  This Office and ATILLA KAN recognize that the United States Sentencing Guidelines are not binding upon the Court.

2.  The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7.

3.  Because the offense involved more than $120,000 but not more than $200,000, Specific Offense Characteristic § 2B1.1(b)(1)(F) applies. This Specific Offense Characteristic results in an increase of 10 levels.

4.  As of the date of this letter, ATILLA KAN has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if ATILLA KAN's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5.  As of the date of this letter, ATILLA KAN has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If ATILLA KAN enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition ATILLA KAN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, ATILLA KAN will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to ATILLA KAN is 14 (the "agreed total Guidelines offense level").

7.  The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein.

8.   ATILLA KAN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 14.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 14.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.